UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR PRIDE,

      Plaintiff,

v.                           Case No.:  8:23-cv-744-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## <u>OPINION AND ORDER</u>

Plaintiff Arthur Pride seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

On July 8, 2020, Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning on January 1, 2011. (Tr. 74, 75, 272-282). The applications were denied

initially and on reconsideration. (Tr. 74, 75, 105, 106). Plaintiff requested a hearing and on June 23, 2022, a hearing was held before Administrative Law Judge Barbara Zanotti ("ALJ"). (Tr. 42-63). On July 21, 2022, the ALJ entered a decision finding: (1) under the application for disability and disability insurance benefits, Plaintiff was not disabled through September 30, 2011, the date last insured; and (2) under the application for supplemental security income, Plaintiff was disabled beginning on August 21, 2021. (Tr. 16-32).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on February 3, 2023. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on April 4, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2011. (Tr. 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2011, the alleged onset date. (Tr. 20). The ALJ noted that Plaintiff worked after the alleged disability onset date, but this work activity did not rise to the level of substantial gainful employment. (Tr. 20). At step two, the ALJ found that from the alleged onset date of January 1, 2011, to the date last insured of

September 30, 2011, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. (Tr. 20).

At step two, the ALJ also found that for the supplemental security income claim, Plaintiff had the following severe impairments beginning on July 8, 2020: "vascular insult to brain, disorders of muscle, ligament and fascia, a neurocognitive disorder, and chronic obstructive pulmonary disease (COPD)." (Tr. 21). At step three, the ALJ found that since July 8, 2020, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that from July 8, 2020, until August 21,2021, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he could occasionally push and pull with the bilateral lower extremities, occasionally balance, stoop, kneel, crouch, and crawl but can never climb ladders ropes or scaffolds. He could have not more than occasional exposure to extreme temperatures, or atmospheric irritants such as dust, odors, fumes, and gasses. He should have no exposure to workplace hazards such as unprotected heights and moving machinery. He can perform unskilled work, and could understand and remember simple and detailed tasks, and carry out simple instructions to perform simple, routine, repetitive tasks. He should have not more than occasional interaction with coworkers and supervisors, and never work-related interaction with the general public. He should have not more

> than occasional changes in the general nature of the work
> setting or the tasks to be performed; and the tasks must be well-
> defined such that there is no requirement for independent
> planning.

(Tr. 22).

At step four, the ALJ determined that Plaintiff had no past relevant work. (Tr. 25). At step five, the ALJ found that from July 8, 2020 until August 21, 2021 – the date Plaintiff was found disabled – and considering Plaintiff's age, education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)  Garment Sorter, DOT 222.687-014,[1] light, SVP 2

(2)  Router, DOT 222.587-038, light, SVP 2

(3)  Marker, DOT 209.587-038, light, SVP 2

(Tr. 26).

The ALJ further found that beginning on August 21, 2021, and based on Plaintiff's age, no past relevant work, education, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 31). The ALJ concluded that Plaintiff had not been under a disability through

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

September 30, 2011, the date last insured and was not entitled to disability and disability insurance benefits. (Tr. 31-32). The ALJ also concluded that based on the supplemental security income claim, Plaintiff became disabled beginning on August 21, 2021, and had continued to be disabled through the date of the decision. (Tr. 31).

## II.   Analysis

On appeal, Plaintiff raises the issue of whether the ALJ's decision was in error in selecting August 21, 2021, as the date of Plaintiff's onset of disability. (Doc. 25, p. 3). Plaintiff argues the ALJ acknowledged that on August 14, 2021, Plaintiff was hospitalized after a reported eight-day history of not getting out of bed. (Doc. 25, p. 4). Plaintiff contends that despite the ALJ summarizing the hospital records that showed Plaintiff was encephalopathic, was not answering questions consistently, and had an abnormal MRI, the ALJ found Plaintiff disabled as of August 21, 2021. (Doc. 25, p. 4). Plaintiff concedes that there is some medical evidence from May 2021, but no medical evidence after that date until August 13, 2021. (Doc. 25, p. 5). Even so, Plaintiff argues that the ALJ should have considered non-medical sources to impute an onset date and contends that if Plaintiff had not left his bed in the eight days prior to August 13, 2021, "there is a reasonable possibility his disability began prior to August 21, 2021. (Doc. 25, p. 5).

To establish on onset date, SSR 18-01p addresses how the SSA determines the established onset date in disability claims. SSR 18-01p, 2018 WL 4945639. SSR 18-01p provides:

> We need specific medical evidence to determine whether a claimant meets the statutory definition of disability. In general, an individual has a statutory obligation to provide us with the evidence to prove to us that he or she is disabled. This obligation includes providing us with evidence to prove to us when he or she first met the statutory definition of disability. The Act also precludes us from finding that an individual is disabled unless he or she submits such evidence to us.

SSR 18-01p, 2018 WL 4945639, at *4.

Here, as the ALJ found and Plaintiff concedes, there was no medical evidence from May 2021 until the date Plaintiff was hospitalized in August 2021. (Tr. 24-25; Doc. 25, p. 5). In such situations, SSR 18-01p provides additional guidance: "We may consider evidence from other non-medical sources such as the claimant's family, friends, or former employers, if we cannot obtain additional medical evidence or it does not exist (e.g., the evidence was never created or was destroyed), and we cannot reasonably infer the date that the claimant first met the statutory definition of disability based on the medical evidence in the file." *Id.* at *6. Plaintiff argues that the ALJ should have considered non-medical sources to impute the onset date.

On August 13, 2021, Plaintiff was taken to the hospital after his roommate at a halfway house noticed that Plaintiff had not left his bed in about eight days and

was unresponsive. (Tr. 1636). The admitting doctor reported that "[w]hen EMS arrived patient was hypotensive, hypoxic and tachycardic," and very encephalopathic. (Tr. 1636). Plaintiff was admitted on August 14, 2021. (Tr. 1636, 1638). In the decision, the ALJ noted,

> On August 14, 2021, the claimant was admitted to St. Joseph's Hospital Tampa Florida. He was brought into the emergency room from the community with an altered mental state and [was] listed as a John Doe. Records indicate that his roommate noticed he had not left his bed [for] approximately eight days and he was unresponsive. He was very encephalopathic and although he attempted to provide his name it was not understandable. Claimant was not answering questions consistently or appropriately. Over time he became much more alert and orientated but still somewhat confused (Exhibit 13F, page 7). An MRI showed small punctate strokes, involving bilateral frontal lobes, left occipital lobe and cerebellar hemispheres, likely COVID-19 related (Exhibit 13F, page 27). The claimant had an ECG that showed evidence of left ventricular hypertrophy and left atrial enlargement (Exhibit 13 F, page 11).

(Tr. 30).

To be clear, Plaintiff has not specified an exact date for the onset of disability, but simply speculated that there is "a reasonable possibility that his disability began before August 21, 2021." (Doc. 25, p. 5). In addition, the only non-medical source Plaintiff mentions is his roommate from the half-way house who reported that Plaintiff had not gotten out of bed for eight days prior to August 13, 2021 and was unresponsive. (Doc. 25, p. 4-5). In the decision, the ALJ considered the roommate's statement when determining the established onset date. (*See* Tr. 30). In essence,

Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

Moreover, even if the ALJ erred in choosing August 21, 2021, rather than August 13, 2021 (the date Plaintiff went to the hospital) or an even earlier date in August (such as eight days early, August 5, 2021), Plaintiff has not shown harm. As the Commissioner asserts, for both disability benefits and for supplemental security income benefits, the regulations provide that payment would begin either on the first month covered by the application for DIB in which a claimant meets all the requirements for entitlement or on the month after the month of initial eligibility for SSI. *See* 20 C.F.R. § 404.316(a);[2] 20 C.F.R. § 416.501.[3] As a result, even if the ALJ erred in choosing a later date in August, Plaintiff failed to show he suffered harm.

---

[2] For disability benefits, the regulations provide: "(a) You are entitled to disability benefits beginning with the first month covered by your application in which you meet all the other requirements for entitlement. If a waiting period is required, your benefits cannot begin earlier than the first month following that period." 20 C.F.R. § 404.316(a).

[3] For supplemental security income benefits, the regulations provide: "Payment of SSI benefits will be made for the month after the month of initial eligibility and for each subsequent month provided all requirements for eligibility (see § 416.202) and payment (see § 416.420) are met." 20 C.F.R. § 416.501.

*See Chapman v. Comm'r, Soc. Sec. Admin.*, 2023 WL 8441514, at *2 (11th Cir. Dec. 5, 2023) ("When an incorrect application of Social Security regulations results in harmless error because the correct application would not contradict the agency's ultimate findings, the agency's decision will stand. See *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)."). For these reasons, remand is not warranted in this action.

## III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 21, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 12 -